THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAI'LEN JOHNSON-HERRING,

Plaintiff,

v.

INTER-CON SECURITY SYSTEMS, INC., *et al.*,

Defendants.

CASE NO. C25-2191-JCC

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

On November 6, 2025, the Honorable S. Kate Vaughan, United States Magistrate Judge, granted Plaintiff's motion to proceed *in forma pauperis*. (Dkt. No. 3.) Upon reviewing the complaint (Dkt. No. 4),[1] this Court concludes that it fails to establish the Court's requisite

---

[1] A complaint filed by any person seeking to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* review and dismissal by the Court "at any time" to the extent it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." *Id.* § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001). In addition, the Court must dismiss a complaint if it finds that it lacks subject matter jurisdiction over the case or controversy. Fed. R. Civ. P. 12(h)(3).

subject matter jurisdiction.[2]

Plaintiff alleges that he was denied advancement and suffered other adverse employment actions, under the pretext that he was "transphobic," because Plaintiff engaged in activities protected by Title VII of the Civil Rights Act of 1964. (*See generally* Dkt. No. 4.) On this basis, Plaintiff asserts a Title VII retaliation claim, along with myriad state law claims. (*Id.* at 2.)[3]

These conclusory statements (regarding protected activities) are insufficient to establish the Court's subject matter jurisdiction. At issue is that a complaint bringing a Title VII claim, which again is the basis here for this Court's jurisdiction (if based on retaliation for engaging in protected activities), must articulate <u>facts</u> establishing the discriminatory conduct Title VII is designed to remedy (and the logical connection between that conduct and a Title VII protected activity). *See, e.g.*, *Karthauser v. Columbia 9-1-1 Commun. Dist.*, 647 F. Supp. 3d 992, 1012 (D. Or. 2022); *Brophy v. Day & Zimmerman Hawthorne Corp.*, 799 F. Supp. 2d 1185, 1192 (D. Nev. 2011); *see also Planned Parenthood of Greater Washington and N. Idaho v. U.S. Dept. of Health and Human Services*, 328 F. Supp. 3d 1133, 1154 (E.D. Wash. 2018) (noting that conclusory statements in a pleading supporting subject matter jurisdiction need not be considered).

And here, this lack of pleaded subject matter jurisdiction is a foundational issue, providing a basis for immediate dismissal. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035,

---

[2] Subject matter jurisdiction can be based on diversity of citizenship or the presentation of a federal question. *See, e.g.*, *Tucker-Meuse v. Field*, 2022 WL 706527, slip op. at 2 (D. Haw. 2022). Diversity of citizenship jurisdiction exists where the amount at issue is more than $75,000 and no plaintiffs or defendants are citizens of the same state. *See* 28 U.S.C. § 1332. And federal question jurisdiction exists when a plaintiff's claim arises "under the Constitution, law, or treaties of the United States." *See id.* § 1331. This includes Title VII.

[3] Rule 8 provides that a complaint must include the following: (1) a short plain statement of the grounds for this Court's jurisdiction; (2) a description of the claim establishing that the plaintiff is entitled to relief sought; and (3) a description of the relief sought. *See* Fed. R. Civ. P. 8. While the Court holds *pro se* plaintiffs to less stringent pleading standards and liberally construes a *pro se* complaint in the light most favorable to the plaintiff, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), they remain bound by the rules of procedure. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

1039 (9th Cir. 2004). Nevertheless, when dismissing a complaint under § 1915(e), the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). And it is conceivable that Plaintiff could adequately plead that his protected activity challenged the type of discriminatory conduct Title VII protects against (and thus he was retaliated against on this basis).

Based on the foregoing, the Court DECLINES to issue summons and GRANTS Plaintiff leave to file an amended complaint curing the above-noted deficiencies within 30 days of the date of this order.[4] If no amended complaint is filed within this time period or if Plaintiff files an amended complaint that fails to correct the jurisdictional deficiencies identified above, the Court will dismiss Plaintiff's claims without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) and/or 28 U.S.C. §1915(e)(2)(B).

The Clerk is DIRECTED to send a copy of this order to Plaintiff.

DATED this 6th day of November 2025.

<u>Ravi Subramanian</u>
Clerk of Court

<u>s/Kathleen Albert</u>
Deputy Clerk

---

[4] Further leave to amend need not be provided when doing so would be futile. *Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1134 (9th Cir. 2018). Unresponsiveness to this order to show cause would demonstrate and inability to effectively plead this Court's original jurisdiction and/or a colorable claim.

Moreover, Plaintiff is advised that an amended complaint operates as a complete substitute for an original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, any amended complaint must stand on its own and clearly identify the basis fo this Court's jurisdiction, the legally cognizable claims asserted against each defendant, the specific facts which Plaintiff believes support each claim, and the specific relief requested.